# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| HUNTER HAVENS, | ) | CASE NO.: 1:19 CV 1135 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| RED ROBIN INTERNATIONAL, INC., | ) | |
| *et al.*, | ) | |
| Defendants, | ) | MEMORANDUM OPINION & ORDER |

**Introduction**

This matter is before the Court on Plaintiff, Hunter Havens', Motion to Remand pursuant to 28 U.S. Code §1447(c) and 28 U.S. Code §1446(b). (ECF #8). Having carefully considered the legal and factual issues raised, and for the reasons that follow, the Motion to Remand is hereby DENIED.

**Summary of Procedural Background**

Mr. Havens originally filed his Complaint on July 13, 2018 in the Court of Common Pleas of Cuyahoga County, Ohio, Case No. CV-18-900683 and named as defendants Red Robin International, Inc. and Rockside Twenty-One, LLC, as well as two "John Doe" companies. On September 26, 2018, Mr. Havens amended his Complaint to identify the two "John Doe" companies as Honeywell International, Inc. and Stanley Convergent Security Solutions, Inc. Mr. Havens then voluntarily dismissed Rockside Twenty-One on January 4, 2019. Red Robin filed a Motion for Removal on May 17, 2019. (ECF #1). Mr. Havens filed his Motion to Remand on

1

May 30, 2019. (ECF #8). Mr. Haven's Motion to Remand is opposed by Defendants Red Robin and Honeywell. (ECF #15-16).

**Standard of Review**

Where removal is based on diversity jurisdiction, as it is in this case, 28 U.S.C. §1332 requires: (1) diversity of citizenship between the parties and (2) an amount in controversy, exclusive of interests and costs, that exceeds $75,000. When the amount pled does not explicitly meet the amount in controversy requirement, the defendant has the burden of proving that "more likely than not" this jurisdictional requirement has been met. *Rogers v. Wal-Mart Stores Inc.*, 230 F.3d 868, 871 (6th Cir. 2001).

The general requirements of removal are governed by 28 U.S.C. § 1446(b)(1), which reads:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

28 U.S.C. § 1446(b)(1).

28 U.S.C. § 1446(b)(3) applies to cases that are not initially removable, but become removable at a later time. The statute provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

2

ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

**Discussion**

With regard to removal, "The 30-day period in § 1446(b)(1) starts only if the initial pleading contains 'solid and unambiguous information that the case is removable.'" *Berera v. Mesa Medical Group, PLLC,* 779 F.3d 352, 364 (6th Cir. 2015) (quoting *Holston v. Carolina Freight Carriers Corp.,* No. 90-1358, 1991 WL 112809, at *3 (6th Cir. June 26, 1991)). Red Robin did not have "solid and unambiguous information" that this action was removable until May 8, 2019, when Mr. Havens, in response to a request for admission, denied "that the total alleged damages in this action do not exceed $75,000.00." This was the first time in the course of this action that "solid and unambiguous information that the case is removable" was obtained. Therefore, the 30-day statutory period for filing for removal did not begin until May 8, 2019. Defendant then timely filed for removal on May 17, 2019 which is within the 30-day statutory deadline.

Plaintiff argues that "[b]ecause Defendant Red Robin did not file for removal within 30 days of receiving service of Plaintiff's complaint, amended complaint, or even within 30 days of Defendant Rockside Twenty-One being dismissed the case should be remanded to State Court." (ECF #8 p.6). Each of these arguments are unpersuasive. Red Robin could not remove this action after receipt of the initial Complaint because of a non-diverse defendant, Rockside Twenty-One. Similarly, Red Robin could not remove the action after receiving the Amended Complaint because Rockside Twenty-One was still a party. Red Robin could not then remove the case once the non-diverse defendant was dismissed, because the amount in controversy was not established

to be in excess of $75,000.

Mr. Havens also points to the use of the language "in excess of $25,000" in the initial Complaint, arguing that Red Robin knew, or should have known, at that time the amount in controversy exceeded the $75,000 minimum. However, Mr. Havens was limited in his Complaint by Ohio's Rule of Civil Procedure 8(A), which states that "if the party seeks more than twenty-five thousand dollars, the party shall so state in the pleading but shall not specify in the demand for judgment the amount of recovery sought[.]" Oh. R. Civ. P. 8(A). This language reflects Ohio's pleading requirements and not necessarily the amount in controversy in this case. In cases removed pursuant to this Court's diversity jurisdiction, "the notice of removal may assert the amount in controversy if the initial pleading seeks ... a money judgment, but the State practice does not permit demand for a specific sum." 28 U.S.C. § 1446(c)(2)(A)(ii). In its Notice of Removal, Red Robin stated that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interests and costs." (ECF #1 p.3).

**Conclusion**

For the reasons set forth above, Plaintiff's Motion to Remand (ECF #8) is DENIED.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
United States District Judge

DATED: July 28, 2019

4